**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | |
|---|---|
| Mauricio Hernandez-Martinez, ) | |
| ) | Criminal Case Number: 5:12-039-MBS |
| Movant, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Mauricio Hernandez-Martinez ("Movant") is a federal inmate currently housed at CI-Great Plains in Hinton, Oklahoma. On April 1, 2016, Movant, proceeding pro se, moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 17, 2012, Movant and two co-defendants were charged in a two-count indictment. Movant was charged with two counts: Count One: conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; Count Two: possession with intent to distribute and distribution of five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. ECF No. 1.

On September 24, 2012, Movant pleaded guilty to Count One pursuant to a written plea agreement. ECF No. 120. Prior to sentencing, the United States Probation Office prepared a presentence investigation report and calculated Movant's total offense level as 37 and his criminal history category as I. ECF No. 130 at 12. Pursuant to the United States Sentencing Guidelines ("Sentencing Guidelines"), Movant's guideline range was calculated at 210 to 262 months imprisonment. *Id.* The court granted an oral motion to depart from the Sentencing Guidelines and sentenced Movant to 151 months.

On August 24, 2015, Movant filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on retroactive Sentencing Guidelines Amendment 782. ECF No. 157. On August 26, 2015, the court granted Movant's motion and reduced his sentence from 151 months to 121 months. ECF Nos. 158, 159.

Movant filed the within § 2255 motion on April 1, 2016. ECF No. 164. Movant raised the following three grounds for relief in his § 2255 motion:

**Ground One**: Poor or ineffective legal counsel.

Supporting Facts: I received no positive assistance from my lawyer during the case. She made me sign a plea where I got no benefits and waived all my rights, including direct appeal and most post-conviction proceedings.

**Ground Two**: Poor or ineffective legal counsel.

Supporting Facts: My legal counsel during the case did not expose in detail the extenuating circumstances that brought me into this case. I was forced to participate in this crime under extortion or threat of physical harm to my family. These circumstances were critical to mitigate the impact of the punishment I received, and they were not discussed in full detail or taken into consideration at court. The evidence was available in a diskette, which was in the hands of the lawyer, but it was not presented. Only accusatory evidence was presented, and nothing in my defense.

**Ground Three**: Poor knowledge of English language and the laws.

Supporting Facts: Because of my limited knowledge of the English language and the laws, together with the poor or ineffective legal counsel, I could not fully know and exercise the full extent of my rights. I was pushed to sign a plea agreement where I gave up my appeal rights, and most forms of post-conviction relief. I did not have the assistance to make decision in full knowledge of my rights.

ECF No. 164 at 4-7. On May 4, 2016, Respondent filed a motion to dismiss the § 2255 petition as untimely. ECF No. 169. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on May 5, 2016, advising Movant of the dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 170. Movant filed a reply to Respondent's response on June 13, 2016. ECF No. 173.

## II.     DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §§ 2241 *et seq.*, a one-year statute of limitations applies to motions brought under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The one-year statute of limitations runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Where there is no appeal, the statute of limitations begins when the time period for filing an appeal expires, fourteen days after the entry of judgment. *United States v. Osbourne*, 452 F. App'x 294 (4th Cir. 2011); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). The Fourth Circuit Court of Appeals states: the "conviction [becomes] final on the date upon which [a defendant] decline[s] to pursue direct appellate review." *Sanders*, 247 F.3d at 142; *see Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that "for federal criminal defendants who do not file a petition for certiorari with [the Supreme Court], § 2255's one-year limitations period starts to run when the time for seeking such review expires."). Movant's conviction became final on February 19, 2013, after the time for filing an appeal expired. *See* ECF No. 142. Movant filed his § 2255 motion on April 1, 2016, more than two years after the statute of limitations expired. ECF No. 164. Movant does not dispute that he filed his § 2255 motion outside of the statute of limitations; however, Movant claims he is entitled to equitable tolling.

A movant may be entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

3

prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* Generally, an alleged inability to read or write English does not provide a sufficient basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (finding that alleged language difficulties were not supported by the record to justify equitable tolling); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that "lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations.").

Movant asserts that he is "not fluent in English and do[es] not have the knowledge or preparation to write [the § 2255] motion." ECF No. 173. Petitioner provides no details about his attempts to receive assistance in translating legal materials or his § 2255 motion. In addition, the court notes that Movant wrote a letter to the court and filed a pro se motion to appoint new counsel in English prior to entering a plea agreement.[1] Movant makes a conclusory statement that he did not have the "legal assistance" or "access to the material means" to prepare his § 2255 motion. *Id.* The court finds that Movant's conclusory statements about lack of access to legal materials and inability to converse or write in English are not sufficient to demonstrate an extraordinary circumstance that stood in his way for over three years. *See Baltazar v. Warden,*

---

[1] Movant withdrew his motion to appoint new counsel. ECF No. 118.

*Ridgeland Corr. Inst.*, No. 06-2726, 2007 WL 2156594, at *6 (D.S.C. July 24, 2007) (collecting cases dismissing habeas petitions as untimely irrespective of alleged language barriers).

###    III.    CONCLUSION

Respondent's motion to dismiss § 2255 motion as untimely is **GRANTED**. Movant's motion to vacate, set aside, or correct his sentence pursuant to § 2255 is **DENIED** and dismissed, with prejudice.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of denial of a constitutional right. 28 U.S.C § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-el v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee* 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **denies** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Honorable Margaret B. Seymour
Senior United States District Judge

August 16, 2017
Columbia, South Carolina