IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) Cr. No. 5:12-39 | |
| vs. ) | |
| ) | |
| Mauricio Hernandez-Martinez, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

On September 24, 2012, Defendant Mauricio Hernandez-Martinez pleaded guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. On January 31, 2013, Defendant was sentenced to incarceration for a period of 151 months. Judgment was entered on February 5, 2013. On August 26, 2015, an amended judgment was filed pursuant to Amendment 782 of the United States Sentencing Guidelines that reduced Defendant's sentence to 121 months.

Defendant filed a pro se motion to reduce sentence under Section 404 under the First Step Act on June 8, 2016. The court denied Defendant's motion because the First Step Act did not disturb Defendant's conviction for powder cocaine. See ECF No. 212. This matter currently is before the court on Defendant's motion seeking information on the First Step Act, which motion was filed on January 30, 2020. Defendant states that he has been participating in programs in the prison system and "wish[es] for a favorable or positive response." ECF No. 214. Although it is not clear, the court interprets Defendant's current motion as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Under § 3582(c)(1)(A), the court, on motion of a defendant after (1) fully exhausting administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or (2) the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier, may reduce the term of imprisonment. The First Step Act mandates the defendant exhaust administrative

remedies prior to seeking relief in this court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Monzon*, No. 99cr157, 2020 WL 550220, at *2 (S.D.N.Y. Feb. 4. 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional). Defendant does not allege he has made such a request to his warden, or exhausted his administrative remedies under § 3582(c)(1)(A).[1] Because the BOP has not brought this motion, and Defendant has not alleged he exhausted his administrative remedies, his motion for compassionate release (ECF No. 214) is **denied**, without prejudice.

    **IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 24, 2020

---

[2] Defendant must first apply to his Warden, and, if he receives a denial within 30 days, must appeal the Warden's denial to the Regional Director within 20 days and continue to appeal any denial until his administrative remedies are exhausted. See 28 C.F.R. part 542, subpart B. If the Warden does not act on the request within 30 days from its receipt, Defendant may reapply to this court.